UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMUULO NAVA, JR.,<br><br>            Plaintiff,<br><br>    v.<br><br>NEGRE,<br><br>            Defendant. | No. 1:24-cv-00219-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 15) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed June 27, 2024.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Registered Nurse (RN) Negre denied Plaintiff medical care. The Kern County Medical Center released Plaintiff to an infirmary bed at Kern Valley State Prison due to the severity of the injuries caused by a staff wound by two other inmates. Plaintiff was left in administrative segregation without any change of clothing or cleansing of his wounds. Plaintiff was denied an infirmary bed as requested by the hospital because he was not able to walk.

Plaintiff seeks monetary damages and that RN Negre be terminated.

## III.

## DISCUSSION

### A. Denial of Medical Care

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong.

First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer, 511 U.S. at 834. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety...." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. This "involves a two-part inquiry." Thomas, 611 F.3d at 1150. "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." Thomas, 611 F.3d at 1150 (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

3

1     Plaintiff's allegations fail to give rise to a claim for deliberate indifference. Plaintiff
2 simply alleges that he was to be placed in administrative segregation and not an infirmary bed
3 with no medical treatment for five days. Plaintiff fails to attribute specific factual allegations to
4 demonstrate that RN Negre was deliberately indifferent to Plaintiff's serious medical needs. That
5 is, assuming Plaintiff presented a serious medical need, there are insufficient allegations that RN
6 Negre personally and intentionally denied, delayed, or interfered with Plaintiff's medical
7 treatment. See Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2022); Lolli v. County of Orange,
8 351 F.3d 410, 419 (9th Cir. 2003). The simple fact that Plaintiff was not placed in an infirmary
9 bed and his wounds were not cleansed, alone, does not give rise to a claim for relief. Any
10 negligence on the part of RN Negre does not give rise to a claim for relief. Accordingly, Plaintiff
11 fails to state a cognizable claim for relief under the Eighth Amendment.

12     **B.**    **Further Leave to Amend**

13     In light of the fact that the Court informed Plaintiff previously of the relevant legal
14 standards governing his claims and he has failed to cure the pleading deficiencies, further leave to
15 amend would be futile. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir.
16 2013) ("A district court may deny leave to amend when amendment would be futile."); Lopez v.
17 Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

18     **IV.**
19     **ORDER AND RECOMMENDATION**

20     Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly
21 assign a District Judge to this action.

22     Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure
23 to state a cognizable claim for relief.

24     This Findings and Recommendation will be submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)**
26 **days** after being served with this Findings and Recommendation, Plaintiff may file written
27 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 2, 2024**

UNITED STATES MAGISTRATE JUDGE